IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

16 JUN -3 PM 1: 56

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

JASON J. MARAMAN           )
                           )
    Plaintiff,           )
                           )      CAUSE NO:
    v.                   )
                           )      **1 :16-cv- 1373 TWP -DKL**
THE CITY OF CARMEL, INDIANA;  )
THE CARMEL POLICE DEPARTMENT; )     JURY DEMAND
SCOTT SPILLMAN;          )
ASHLEY M. ULBRICHT       )
                           )
    Defendants.         )

## <u>VERIFIED COMPLAINT FOR INJUCTIVE RELIEF AND DAMAGES</u>

### INTRODUCTION

1. This action is brought by Jason J. Maraman (hereinafter, "Maraman" ), on his own behalf, to permanently enjoin the City of Carmel (hereinafter, "Carmel" ), from conducting traffic stops without just cause and prohibiting defendants from enforcing illegal city ordinances.

2. Maraman also seeks damages for a traffic stop conducted by Officer Scott Spillman (hereinafter, "Officer Spillman"), an officer employed by the Carmel Police Department, on June 3, 2014, in which Officer Spillman detained Maraman without just cause and issued Maraman a Complaint and Summons based on an illegal ordinance.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343. Maraman's cause of action is brought pursuant to 42 U.S.C. 1983 to redress the deprivation, under color of

law, of rights secured by the Constitution of the United States.

## PARTIES

4. Maraman is an adult resident of Marion County, Indiana.

5. Carmel is a municipality located in Hamilton County, Indiana.

6. The Carmel Police Department is an agency of Carmel.

7. Officer Spillman is a police officer employed by the Carmel Police Department.

8. Ashley M. Ulbricht is an assistant city attorney employed by Carmel.

## FACTUAL ALLEGATIONS

9. Maraman resides within Marion County in an area located near Carmel.

10. On June 3, 2014, Maraman was traveling eastbound on 136th St. within Carmel.

11. As Maraman continued traveling eastbound on 136th St., Officer Spillman turned in behind Maraman at a location between Spring Mill Rd. and Oak Ridge Rd.

12. After turning in behind Maraman, Officer Spillman began driving aggressively and closely following Maraman's vehicle.

13. Officer Spillman continued following Maraman in an aggressive manner through the roundabout at 136th St. and Oak Ridge Rd. and into the roundabout at 136th St. and Rohrer Rd.

14. Maraman stopped in the roundabout at 136th St. and Rohrer Rd. due to construction at the location and uncertainty as to how to safely proceed through the roundabout.

15. Immediately upon turning out of the roundabout, Officer Spillman initiated a traffic stop.

16. During the traffic stop, Officer Spillman repeatedly mentioned that he noticed Maraman

was a resident of Marion County.

17. During the traffic stop, Officer Spillman informed Maraman that traffic laws were enforced differently in Hamilton County than in Marion County.

18. There was no cause nor justification for the the traffic stop initiated by Officer Spillman. as Maraman was observing all traffic law, rules, and regulations.

19. During the traffic stop, Officer Spillman issued Maraman a traffic citation in the form of a Complaint and Summons for violation of Carmel City Ordinance 8-2.

20. Carmel City Ordinance 8-2 is a city ordinance which illegally duplicates state law.

21. Carmel routinely enforces additional illegal ordinances which duplicate state law such as Carmel City Ordinance 8-21.

22. Maraman believes the traffic stop was initiated because he was driving an older vehicle with plates registered to a Marion County, Indiana address in Carmel.

23. The Carmel Police Department has a policy and practice of stopping without just cause older vehicles.

24. The Carmel Police Department has a policy and practice of stopping without just cause vehicles with plates registered to addresses outside of Hamilton County, Indiana.

25. Maraman believes Carmel uses the combination of above referenced illegal ordinances and unjust traffic stops to unfairly enrich itself and as a revenue generation scheme.

26. From 2010 to the present, the Carmel Police Department has policy and practice of implementing and maintaining a quota system for issuing traffic citations.

27. In an attempt to acquire a judgment against Maraman, Officer Spillman testified the speed limit at the location in question was twenty (20) miles per hour.

28. At the time of the traffic stop, the speed limit at the location of the stop was in fact forty

(40) miles per hour.

29. Officer Spillman knowingly and intentionally gave false testimony in an attempt to secure a judment against Maraman.

30. Officer Spillman knowingly and intentionally colluded with defendant Ulbricht to give false testimony.

31. After consulting with defendant Ulbricht, Officer Spillman attempted to engage in inappropriate *ex parte* communications with the judge during the trial in Hamilton County Superior Court which resulted from the unjust traffic stop.

32. Maraman is a victim of the aforementioned Carmel Police Department practices and remains subject to being stopped again without just cause as he frequently travels through Carmel.

33. The policies and practices of Carmel and the Carmel Police Department along with the threat of being stopped without just cause represent irreparable harm for which there is no adequate remedy at law.

34. Maraman was harmed by the unlawful stop and has suffered mental anguish and emotional distress.

35. At all times, the actions of the defendants have been taken under color of state law.


CAUSES OF ACTION

36. The policy and practice of Carmel and the Carmel Police Department of stopping vehicles without just cause as described above is a violation of Maraman's Fourth Amendment rights of the United States Constitution prohibiting unreasonable search and

seizure.

37. The policy and practice of Carmel and the Carmel Police Department of stopping vehicles without just cause as described above is a violation of Maraman's Fourteenth Amendment rights of the United States Constitution guaranteeing the right to travel.

38. The actions of Officer Spillman in stopping Maraman without just cause violate Maraman's constitutional and statutory rights as specified above.

39. The actions of defendant Ulbricht in colluding with Officer Spillman to give false testimony and attempt to engage in improper *ex parte* communications violate Maraman's constitutional and statutory right as specified above.

## JURY DEMAND

40. Maraman demands a jury trial as to all issues triable by right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Maraman requests the Court grant the following relief:

1. Accept jurisdiction of this cause.

2. Declare the actions of the defendants unlawful for the reasons specified in paragraphs 36-39 above.

3. Enter a preliminary injunction, later to be made permanent, enjoining the defendants from stopping vehicles of the plaintiff unless there exists lawful reason to do so.

4. Enter a preliminary injunction, later to be made permanent, enjoining the defendants from enforcing city ordinances which illegally duplicate state law.

5. Award Maraman monetary damages for his injuries.

6.  Award Maraman punitive damages in an amount sufficient to deter defendants from engaging in the above behavior in the future.

I affirm under penalties of perjury that foregoing representations are true.

Jason J. Maraman
1308 Kings Cove Ct.
Indianapolis, IN 46260
317-426-0010
jason.maraman@gmail.com

Plaintiff, *pro se*