# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON J. MARAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01373-TWP-MPB |
| | ) | |
| CITY OF CARMEL, INDIANA, SCOTT | ) | |
| SPILLMAN, and ASHLEY M. ULBRICHT, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by Defendants City of Carmel, Indiana ("Carmel"), Scott Spillman ("Spillman"), and Ashley M. Ulbricht ("Ulbricht") (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Filing No. 31.) On January 25, 2017, *pro se* Plaintiff Jason J. Maraman ("Maraman") filed an Amended Complaint against the Defendants, alleging violation of 42 U.S.C § 1983, seeking injunctive relief and damages. (Filing No. 30.) Defendants move to dismiss the Amended Complaint, arguing lack of subject matter jurisdiction and failure to state a claim. For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss.

## I.    BACKGROUND

The following facts are taken from Maraman's Complaint and must be accepted as true solely for purposes of the motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

On June 3, 2014, Maraman was driving through Carmel, Hamilton County, Indiana, in an older vehicle with license plates registered to Marion County, Indiana. As Maraman turned out of

a roundabout near 136th Street and Rohrer Road, Spillman, an officer of the Carmel Police Department, stopped Maraman and ticketed him for speeding, pursuant to Carmel City Ordinance 8-2[1] ("the Ordinance"). The ticket was in the form of a Complaint and Summons, for driving thirty miles-per-hour in a twenty miles-per-hour speed zone.[2]  (*See* [Filing No. 32-1 at 3](#).)  During the traffic stop, Spillman repeatedly mentioned that he noticed Maraman was a resident of Marion County and informed Maraman that traffic laws were enforced differently in Hamilton County.

On October 13, 2014, a Carmel City Court judge conducted a bench trial and entered judgment against Maraman.  On October, 27, 2014, Maraman requested a *de novo* jury trial in the Hamilton Superior Court, to challenge the speeding citation and the validity of the Ordinance. However the trial judge granted a *de novo* bench trial, rather than a jury trial.  During the bench trial, deputy prosecuting attorney Ulbricht represented Carmel and Spillman was the city's main witness.  A Hamilton Superior Court judge found Maraman liable for speeding in violation of the Ordinance and ordered Maraman to pay $23.50, plus $118.50 in court costs.  ([Filing No. 32-1 at 14](#).)

Maraman appealed the ruling, asserting the Ordinance is invalid because it is contrary to Indiana Code § 36-1-3-8(a)(8) and the trial court committed reversible error when denying his jury demand.  *See Maraman v. City of Carmel*, 47 N.E.3d 1218, 1220 (Ind. Ct. App. 2015); (*see also* [Filing No. 32-1](#)).  On April 22, 2016, the Indiana Court of Appeals ruled in favor of Maraman and found the Ordinance invalid because it violated Indiana Code § 36-1-3-8(a)(8), which provides

---

[1] "Unless otherwise provided herein, the provisions set forth in I.C.,[sic] 9-21-1-1 through 9-21-20-3 (Traffic Regulations) are adopted by reference and made a part of this chapter with the same force and effect as though set forth here verbatim."  (Carmel City Ordinance 8-2); *Maraman v. City of Carmel*, 47 N.E.3d 1218, 1220 (Ind. Ct. App. 2015).

[2] Maraman concedes that it is proper for the Court to consider the procedural history of this case ([Filing No. 37 at 5](#)) (specifically noting, "Maraman agrees the documents in the aforementioned court proceedings and other court proceedings are appropriate for the Court to consider in deciding the pending motion to dismiss").

that municipalities do not have "[t]he power to prescribe a penalty for conduct constituting a crime or infraction under statute." Ind. Code § 36-1-3-8. The Appeals court declined to address whether the Hamilton Superior Court erred in failing to grant Maraman's jury demand. *Maraman*, 47 N.E.3d at 1218. After the appellate ruling, Maraman petitioned for "costs or damages from [Carmel] in the amount of $250" and the Indiana Court of Appeals awarded Maraman $250.00. (Filing No. 32-3; Filing No. 32-4.)

On June 30, 2016, Maraman filed a Complaint in federal court. On January 25, 2017 he filed an Amended Complaint seeking injunctive relief and damages. Specifically, he asks the court to enjoin the Defendants from enforcing city ordinances which illegally duplicate state law, and to award him monetary damages for his injuries as well as punitive damages. (Filing No. 30 at 7-8.) Maraman contends the Defendants violated his Fourth and Fourteenth Amendment rights because: 1) the Carmel Police Department has a policy and practice of using illegal ordinances when stopping vehicles without just cause; 2) Spillman failed to video tape his traffic stop in violation of a 1998 injunction in *NAACP v. City of Carmel* No. IP97-104C:M/S; 3) the Carmel Police Department has a policy and practice of stopping older vehicles with license plates registered to a Marion County address; and 4) Spillman colluded with Ulbricht to give false testimony during the state court proceedings. *Id*.

Defendants move to dismiss Maraman's Amended Complaint pursuant to Rule 12(b)(1), arguing there is no federal question and because certain issues are moot as they were already litigated in state court. Defendants also ask the Court to dismiss the Amended Complaint under Rule 12(b)(6), asserting the Amended Complaint fails to state a claim and is barred by doctrine of *res judicata*. (Filing No. 31.)

## II.    **LEGAL STANDARDS**

### A.    **Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (*en banc*). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.* "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff, unless standing is challenged as a factual matter." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotations omitted).

### B.    **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**C.** ***Pro Se* Pleadings**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

> [E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him.

*Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (citations and quotation marks omitted).

### III.   DISCUSSION

Defendants ask the Court to dismiss the Amended Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as well as Rule 12(b)(6) for failure to state a claim and pursuant to the doctrine of *res judicata*. Because subject matter jurisdiction is critical to the survival of the case in federal court, the Court will first address the Rule 12(b)(1) motion. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits . . . ." *Crawford v. United States,* 796 F.2d 924, 929 (7th Cir. 1986).

### A.   FED. R. CIV. P. Rule 12(b)(1)

Maraman contends that the Carmel Police Department has a policy and practice of using illegal ordinances when stopping vehicles without just cause and this policy is a violation of his Fourth Amendment right prohibiting unreasonable search and seizure. (Filing No. 30 at 7.) He seeks injunctive relief and damages. Defendants move the Court to dismiss this claim and note that the Ordinance at issue no longer exists, therefore, any injunctive relief enjoining Defendants from enforcing the Ordinance is moot. To the extent that the Amended Complaint seeks to enjoin Defendants from enforcing other invalid ordinances, Defendants contend that the Court should dismiss those claims because there is no federal question and the claim essentially amounts to an advisory opinion on a question of state law that has been mooted.

In his response, Maraman addresses Defendants' argument regarding mootness, and asserts that his claim is not moot because the current action is based on different facts than those alleged

in the state court proceedings. However, he fails to address the federal question and advisory opinion issue.

Because Maraman has not responded adequately to Defendants' federal question and advisory opinion arguments, the Court finds that he has conceded these points. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession.); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same).

Even if the Court were to determine that Maraman had not conceded, his Amended Complaint clearly fails to present a federal question. To succeed in a claim brought under 42 U.S.C. § 1983, "a plaintiff must allege facts sufficient to show that he was deprived of an interest secured by the Constitution or laws of the United States, and that the deprivation was visited upon him by a person or persons acting under color of state law." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). In support of his § 1983 claim, Maraman merely states that under color of law, Carmel used an illegal ordinance to attempt to deprive him of money and "Carmel's conduct prevented him from freely traveling in violation of his constitutional right." (Filing No. 37 at 7.) Neither of these allegations is a violation of the United States Constitution or other law of the United States. Unfortunately for Maraman, the mere fact that state rules or statutes

are violated does not in itself amount to a constitutional violation or give rise to an actionable §

1983 claim. See *Scott v. Edinburg*, 346 F.3d 752,760 (7th Cir. 2003). In addition, contrary to

Maraman's contentions, the Ordinance at issue was never declared unconstitutional, rather it was

invalidated by the Indiana Court of Appeals solely on a state law issue. *Maraman* at 1224.

Accordingly, this Court lacks of subject matter jurisdiction and **grants** the motion to dismiss this

part of the claim.

The Court also finds Maraman's claim, seeking to enjoin Defendants from enforcing the

Ordinance, moot because the Indiana Court of Appeals already deemed the Ordinance invalid. *See

Invalid*, Black's Law Dictionary (10th ed. 2014) (defining "invalid" as "[n]ot legally binding").

"[A] case is moot [and federal courts have no jurisdiction over the litigation] when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Freedom From Religion Found., Inc. v. Franklin Cty., Ind.*, 133 F. Supp. 3d 1154, 1157 (S.D. Ind.

2015) (citations omitted); *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted).

Accordingly, because the validity of the Ordinance is no longer a live issue, this Court lacks subject

matter jurisdiction over this claim and **grants** the motion to dismiss this part of the claim.

Defendants also argue that Maraman's damages claim should be dismissed as moot,

because Maraman sought and received damages in state court. In response, Maraman argues,

although he filed a petition for "costs or *damages* from [Carmel] in the amount of $250," and the

$250.00 awarded to him by the Indiana Court of Appeals amounted to an award for filing fees and

does not bar an independent federal claim for damages. (Filing No. 32-4.)

The Court is not persuaded. Defendants' Motion to Dismiss Maraman's damages claim as

moot is **granted**, but only to the extent that Maraman requests damages based on Officer Spillman

stopping and issuing a speeding ticket pursuant to the invalid Ordinance. The Court notes that

Maraman already sought and received damages on this issue in state court. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate...." *Luedike v. Sprint Nextel Corp.*, No. 1:07-CV-1082-LJM-DML, 2010 WL 2773088, at *4 (S.D. Ind. July 12, 2010).

**B. Rule 12(b)(6) Claims**

This ruling does not address Maraman's remaining independent claims. *See Franklin Cty., Ind.*, 133 F. Supp. 3d at 1157 (defining "mootness"). Having found that this court does not have subject matter jurisdiction, no discussion of Maraman's remaining claims is permitted. *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,* 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)" (citing *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 93–102 (1998))); *Lewis v. Local Union No. 100 of Laborers' Int'l Union of N. Am., AFL-CIO*, 750 F.2d 1368, 1377 n.11 (7th Cir. 1984) ("It is well established that 'lack of jurisdiction renders . . . [a court] powerless to make a decision on the merits.'") (*Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 488 F.2d 75, 76 (5th Cir. 1973)).

## IV.  <u>CONCLUSION</u>

For the reasons stated above, this action must be dismissed in federal court for lack of subject matter jurisdiction and hence the Rule 12(b)(1) portion of the Defendant's Motion to Dismiss (Filing No. 31) must be **GRANTED.** The Court specifically finds that it lacks subject matter jurisdiction to: 1) enjoin Defendants from enforcing other invalid ordinances; 2) enjoin Defendants from enforcing the Ordinance at issue; 3) award damages to Maraman on his claim

that Officer Spillman stopped and issued a speeding ticket pursuant to the invalid Ordinance; and

4) determine whether Maraman was stopped "without cause."

Because the federal court lacks subject matter jurisdiction, it has not ruled on the merits of the remaining independent claims: 1) Officer Spillman failed to video tape Maraman's traffic stop[3], 2) the Carmel Police Department maintains a policy for stopping older vehicles without cause, 3) Officer Spillman colluded with Attorney Ulbricht and, 4) Maraman's claim for damages not already sought or received in the state court. These claims are **dismissed without prejudice**. There are two reasons for this ruling. First, dismissal with prejudice is inappropriate because such a dismissal may improperly prevent a litigant from refiling his complaint in another court that does have jurisdiction. See *Gold v. Local 7 United Food & Comm'l Workers,* 159 F.3d 1307, 1311 (10th Cir.1998). Second, and perhaps more essentially, once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim. *Frederiksen v. City of Lockport,* 384 F.3d 437, 438 (7th Cir.2004); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) (quoting *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1217 (10th Cir. 2006)).


**SO ORDERED**


Date: 7/28/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[3] Contempt petitions are the sole remedy for violating the 1998 Stipulation in *NAACP v. Carmel* (*See* Filing No. 37-2 at 9-10.) The Amended Complaint does not seek to hold Defendants in contempt, accordingly this claim, as written, is likely subject to dismissal.

Distribution:

Jason Johnson Maraman
1308 Kings Cove Ct.
Indianapolis, IN 46260
jason.maraman@gmail.com

John R. Maley
BARNES & THORNBURG LLP (Indianapolis)
jmaley@btlaw.com

Todd A. Dixon
BARNES & THORNBURG LLP (Indianapolis)
tdixon@btlaw.com